```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _8/7/2021_ |
| -against- | 16-CR-00529 (01) (NSR) |
| JEMEL GOODE, | OPINION & ORDER |
| Defendant. |  |

NELSON S. ROMÁN, United States District Judge:

Defendant Jemel Goode ("Defendant") pled guilty to playing a lead role in a conspiracy to distribute crack cocaine in and around Rockland County, New York in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). On March 14, 2019, this Court sentenced Goode to the mandatory minimum 120 months' imprisonment. Goode is scheduled to be released on April 3, 2025.

On February 16, 2021, Defendant moved pro se for compassionate release based on various health conditions that purportedly increase risk of contraction of or complications from COVID-19. (ECF No. 251.) The Government opposed Defendant's application, contending that although Defendant has demonstrated an extraordinary and compelling circumstance, the 18 U.S.C. § 3553(a) factors do not warrant compassionate release. (ECF No. 252.) For the reasons that follow, the Court DENIES Defendant's motion.

## LEGAL STANDARD

Title 18, United States Code, Section 3582, a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A. While the Sentencing Guidelines provide "that 'extraordinary and compelling' reasons include, the '[m]edical [c]onditon of the [d]efendant' if the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover,'" *id.* (quoting U.S.S.G. § 1B1.13 App. n.1(A)), courts have significant discretion to determine what constitutes "extraordinary and compelling circumstances," *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020).

As the proponent of release, the defendant bears the burden of proving that "extraordinary and compelling reasons" exist. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Ebbers*, No. 02 Cr. 1144 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

DISCUSSION

I.   Extraordinary and Compelling Circumstances

Defendant asserts four separate health conditions that he contends amount to compelling and extraordinary circumstances, including a body mass index ("BMI") of 37.[1] The Centers for Disease Control ("CDC") states that having obesity, defined as a body mass index (BMI) between 30 kg/m2 and 40 kg/m2, or severe obesity, defined as a BMI of 40 kg/m2 or above, increases sharply "[t]he risk of severe COVID-19 illness." *People with Certain Medical Conditions*, Centers

---

[1] To the extent that Defendant believes that the Bureau of Prisons ("BOP") has denied him constitutionally adequate medical attention for his infection, he may wish to pursue a civil claim under Title 42, United States Code, Section 1983. Such a claim for deliberate indifference to serious medical need would need to be pursued through a new civil lawsuit separate from the instant criminal action. Should Defendant choose to pursue such a claim, the Court directs Plaintiff to the Prisoner Complaint form on the Southern District of New York website: https://nysd.uscourts.gov/forms/complaint-prisoner.

for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditionshtml#obesity (last visited Aug. 2, 2021). The Government concedes that a BMI of 37 is an extraordinary and compelling circumstance.

While the Court is cognizant that obesity puts Defendant at a higher risk from the COVID-19 virus, as of August 6, 2021, there are currently no positive cases among inmates or staff at FCI Ray Brook ("the Facility"). *See* https://www.bop.gov/coronavirus/ (last visited August 6, 2021). The Bureau of Prisons ("BOP") website upon which Defendant relied in preparing his application and which the Court consulted in its review of Defendant's application reports lab confirmed cases and is updated every weekday. The Court acknowledges that in a rapidly evolving and ongoing public health crisis these numbers may change. That said, the fact that the facility is not currently reporting any positive cases is a fair indication that the current situation is not as dire as it has been. *See, e.g.*, *United States v. Reiter*, No. 87-CR-132 (VSB), 2021 WL 1424332, at *7 (S.D.N.Y. Apr. 15, 2021) (acknowledging that obesity put defendant at increased risk of severe illness from COVID-19 but noting that said risk was been reduced since defendant has been vaccinated and the spread of the virus at the facility at which he resided has been controlled).

Nonetheless, assuming without deciding that Defendant has demonstrated extraordinary and compelling circumstances, the Court denies his application based on the Section 3553(a) factors.

II.   Section 3553(a) Factors

The Section 3553(a) factors include The factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for the sentence imposed to afford adequate deterrence to

criminal conduct; the need for the sentence imposed to protect the public from further crimes of the defendant; and the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Court finds that the 3553(a) factors counsel against compassionate release for three reasons.

First, any reduction in his sentence would not reflect "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and the Court cannot conclude that Defendant is "not a danger to the safety of . . . the community[.]" U.S.S.G. § 1B1.13(2). Defendant has a lengthy criminal history, which includes prior convictions for, among other things, (i) assault, (ii) criminal sale of a controlled substance in the third degree, (iii) conspiracy in the fourth degree, (iv) criminal possession of a controlled substance in the third degree, and (v) attempted criminal use of drug paraphernalia in the second degree. Despite these prior convictions, Defendant became the leader of a drug trafficking organization responsible for distributing substantial quantities of crack cocaine. This history demonstrates that over time Defendant's criminal activity gradually became more serious and far more detrimental to the community. *See, e.g. United States v. Tisdale*, No. 15-CR-334 (RA), 2020 WL 5441584, at *3 (S.D.N.Y. Sept. 9, 2020) (denying motion for compassionate release despite health conditions that put defendant at elevated risk of COVID-where defendant had pled guilty to conspiracy to possess with intent to distribute heroin for which he was sentenced to 120 months after previously serving a 20-year sentence for a similar crime); *United States v. Batista*, No. 19 CR. 2 (JFK), 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020) (denying motion for compassionate release despite defendant's heightened risk to COVID-19 because defendant convicted of conspiracy to distribute and possess with intent to distribute crack cocaine and sentenced to the mandatory minimum of

120 months "ha[d] a lengthy criminal record, including his earlier conviction for conspiring to distribute heroin" which demonstrated, together with the instant offense, a "serious pattern of criminal activity" such that the court could not conclude that the defendant was "not a danger to the safety of any other person or to the community")

Second, Defendant has served approximately 65 percent of his sentence of 120 months, the mandatory minimum for the conspiracy to which he pled guilty. Multiple courts have denied compassionate release motions where defendants had yet to serve the bulk of the sentences. *See, e.g. Tisdale*, 2020 WL 5441584, at *3 (denying motion for compassionate release where defendant had served nearly seventy percent of mandatory minimum 120-month sentence for narcotics trafficking conspiracy).

Although the Court is sympathetic to Defendant's medical condition(s) and the heightened risk of harm that the virus might pose if he were to contract it, the 3553(a) factors counsel against modification of Defendant's sentence at this time.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Clerk of Court is directed to mail a copy of this order to pro se Defendant at Jemel Goode #78014-054, FCI Ray Brook, PO Box 900, Ray Brook, NY 12977 and to show service on the docket.

Dated: August 7, 2021
      White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE