USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JEMEL GOODE,

                      Defendant.

16-CR-00529 (01) (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Defendant Jemel Goode ("Defendant") moves for reconsideration of this Court's denial of his application for compassionate release pursuant to Title 18, United States Code, Section 3582. Upon a review of the moving papers, Defendant's application for reconsideration is DENIED.

## BACKGROUND

    Defendant pled guilty to playing a lead role in a conspiracy to distribute crack cocaine in and around Rockland County, New York, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). On March 14, 2019, this Court sentenced Goode to the mandatory minimum 120 months' imprisonment. Goode is scheduled to be released on April 3, 2025.

    On February 16, 2021, Defendant moved *pro se* for compassionate release based on various health conditions that purportedly increase risk of contraction of or complications from COVID-19. (ECF No. 251.) The Government opposed Defendant's application, contending that although Defendant has demonstrated an extraordinary and compelling circumstance, the 18 U.S.C. § 3553(a) factors do not warrant compassionate release. (ECF No. 252.) The Court denied Defendant's application. (ECF No. 254.)

In its determination, the Court recognized that Defendant's health condition, obesity, placed him at a higher risk from the COVID-19 virus. However, as of the date of Defendant's application, there were no positive COVID-19 cases among inmates or staff at FCI Ray Brook ("the Facility"). *See* FED. BUREAU OF PRISONS, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited August 6, 2021). The Bureau of Prisons ("BOP") website, upon which Defendant relied in preparing his application, was also consulted by the Court in its review of Defendant's application. The Court acknowledged that in a rapidly evolving and ongoing public health crisis these numbers may change, but noted that the facility was not reporting any positive cases. Such fact was deemed indicative of a situation which could not be deemed dire. *See, e.g., United States v. Reiter*, No. 87-CR-132 (VSB), 2021 WL 1424332, at *7 (S.D.N.Y. Apr. 15, 2021) (acknowledging that obesity put defendant at increased risk of severe illness from COVID-19 but noting that said risk was reduced since defendant has been vaccinated and the spread of the virus at the facility in which he resided has been controlled). Without determining whether the Defendant demonstrated extraordinary and compelling circumstances, the Court denied the application based on the Section 3553(a) factors.

**LEGAL STANDARD**

It is well established that the submissions of a *pro se* litigant must be "construed liberally and interpreted to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted) (collecting cases).

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit."

*United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006) (collecting cases). District courts "have applied the applicable civil standard to such motions in criminal cases." *United States v. Smith*, 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015) (citation omitted). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Smith*, 105 F. Supp. 3d at 258; *United States v. Naranjo*, No. 13CR351 (JSR), 2015 WL 2381322, at *1, (S.D.N.Y. May 13, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A motion for reconsideration is not a vehicle for relitigating old issues, . . . securing a rehearing on the merits, or otherwise taking a second bite at the apple*.*" *Gustavia Home, LLC v. Rice*, 724 F. App'x 87, 88–89 (2d Cir. 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).

Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). A party may introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortg. Co.*, 470 F. Supp. 2d 248, 257–58 (E.D.N.Y. 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision. *O'Brien v. Bd. of Educ. of Deer Park Union Free School Dist.*, 127 F. Supp. 2d 342, 346 (E.D.N.Y. 2001). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court[.]" *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## DISCUSSION

Upon a review of the moving papers for reconsideration, it is determined that Defendant/movant has failed to point to a controlling decision or data that the court overlooked such that it might reasonably be expected to alter the conclusion reached.[1]  As previously stated, a motion for reconsideration is not to be used as a vehicle for relitigating old issues, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Moreover, Defendant/movant has not demonstrated an intervening change of controlling law, the need to correct a clear error or prevent manifest injustice, or proffered new evidence. For the reasons stated, the Court denies the motion for reconsideration and adheres to its prior determination.

## CONCLUSION

The motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 261, mail a copy of this order to *pro se* Defendant at:

> Jemel Goode #78014-054
> FCI Ray Brook, PO Box 900
> Ray Brook, NY 12977

and show service on the docket.

SO ORDERED.

Dated: May 17, 2022
       White Plains, NY

Hon. Nelson S. Roman
U.S. District Judge, S.D.N.Y.

---

[1] Defendant alleges an increase in the number of COVID-19 infections at the facility since the Court's initial determination, but provides no documentary proof in support of his contention.